IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEREMY RANDALL THOMAS, PRO SE, | § | |
| TDCJ-CID # 905550, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-0112 |
| | § | |
| ANTONIOUS FLANAGAN, | § | |
| NELDA BUEHLER, PATTIE BELL, and | § | |
| D.F. FONDREN, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff JEREMY RANDALL THOMAS, acting pro se and while incarcerated as a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been allowed to proceed in forma pauperis.

Plaintiff claims defendant FLANAGAN was deliberately indifferent to his serious medical need when he told plaintiff to move his own property down a flight of stairs to a new cell, despite the fact that plaintiff had just been diagnosed with an injured ankle, issued crutches, and given restrictions against climbing, requiring that he be assigned to a bottom bunk in a cell on the bottom floor.  Plaintiff states he fell down the stairs trying to carry one of his bags of property and that FLANAGAN responded to plaintiff's request for medical care by telling him to stop faking and telling other officers plaintiff was not hurt.  Nevertheless, plaintiff was taken to the infirmary where he received x-rays and was diagnosed with a large bruise on his right lower back, swelling, difficulty standing, strain, and a sprain.  Plaintiff states he subsequently suffered

back spasm, bleeding kidneys, and blood in his stool, as well as trouble sleeping.

Plaintiff states defendant BUEHLER investigated his Step 1 grievance, defendant BELL denied the Step 1 grievance based on BUEHLER's investigation, and defendant FONDREN denied his Step 2 grievance. Plaintiff claims defendants BUEHLER, BELL, and FONDREN failed to adequately investigate his grievances and resolve them satisfactorily.

Plaintiff requests unspecified compensatory, punitive, nominal, declaratory, and injunctive relief, as well as costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**THE LAW AND ANALYSIS**

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment". Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).

The records presented by plaintiff show the "no climbing" restriction was a work restriction and did not apply to non-work activity. Consequently, requiring plaintiff to move his property downstairs to his new cell did not constitute interference with medical treatment. Further, plaintiff states his cellmate was allowed to help him by carrying one bag while plaintiff carried another downstairs[3]. It appears plaintiff fell while transferring yet another bag of property, which shifted on plaintiff's shoulders when plaintiff hopped down the stairs. At best, the facts alleged by plaintiff support a claim of negligence by defendant FLANAGAN, not deliberate indifference. Plaintiff, himself, seems to realize this for he states, in his Step 2 grievance, "The issue of my Step 1 grievance complaint is officer Flanagan failed to use "reasonable care" to avoid a foreseeable dangerous risk to my health and well being."

Plaintiff's allegations are those of a tort claim for negligence; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of

---

[3]Plaintiff's April 11, 2005 Brief in Support at page 5, paragraph 17.

3

tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811, 823 (1994). Plaintiff's allegations do not state a claim of deliberate indifference to a serious medical need by defendant FLANAGAN.

Plaintiff's claims against the remaining defendants are based on allegations of a failure to adequately investigate and satisfactorily resolve his Step 1 and Step 2 grievance against FLANAGAN. Inasmuch as the result of this grievance has no bearing on the duration of his confinement, the plaintiff cannot show the existence of a state-created liberty interest in an inmate grievance procedure. *See, Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995); *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Plaintiff's claims against defendants BUEHLER, BELL, and FONDREN lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

This Civil Rights Complaint is DISMISSED WITH PREJUDICE AS

4

FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

The Court declines to exercise pendant jurisdiction of any state law claims asserted; and they are, therefore, DISMISSED WITHOUT PREJUDICE. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  7th  day of November, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

5